UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SCHENIQUE HARRIS,                      15-CV-0832-RJA-MJR

          Plaintiff,                    DECISION AND ORDER

v.

OTIS ELEVATOR COMPANY,

          Defendant.
_____

This case has been referred to the undersigned pursuant to Section 636(b)(1) of Title 28 of the United States Code, by the Honorable Richard J. Arcara, for all pretrial matters, including the hearing and disposition of all non-dispositive motions. Before the Court is plaintiff Schenique Harris's ("plaintiff" or "Harris") motion to compel discovery (Dkt. Nos. 35, 38) and defendant Otis Elevator Company's ("Otis") cross-motion to strike or quash discovery demands or alternatively for a protective order (Dkt. No. 37). For the following reasons, plaintiff's motion to compel discovery is granted, defendant's motion to strike or quash is denied, and defendant's request that documents be produced pursuant to the terms of a protective order is granted.

*Background*

Plaintiff commenced this personal injury action in New York State Supreme Court, County of Erie, on May 5, 2015. (Dkt. No. 1-3). Plaintiff alleges that when she was working at Women and Children's Hospital on March 11, 2014, an elevator serviced, operated and maintained by defendant malfunctioned as she attempted to exit the elevator with a food cart, causing her to sustain serious injuries. (*Id.*). Defendant filed an

answer on May 22, 2015.  (Dkt. No. 1-4).  Defendant then removed the action to the Western District of New York, on the basis of diversity jurisdiction, on September 17, 2015.  (Dkt. No. 1).  This Court entered an amended Case Management Order ("CMO") on May 18, 2016.[1]  (Dkt. No. 12).  The parties have been engaged in substantial discovery and have extended the deadlines in the amended CMO a number of times.  Currently, fact discovery is scheduled to end on May 31, 2018, and dispositive motions are to be filed on or before July 20, 2018.

<u>First Motion to Compel</u>

Plaintiff's First and Second Document Demands requested documents related to the maintenance and repair procedures performed on the subject elevator in the time period leading up to and following the accident.  Defendant produced some maintenance and repair records for the elevator.  The records documenting the work performed on the elevator contain a code number, which corresponds to a written procedure contained in Otis Maintenance Management System ("OMMS") documents and Otis maintenance manuals.  Defendant refused to provide the OMMS documents and manuals, in part because defendant maintained that the documents were proprietary and contained trade secrets.  Plaintiff filed a first motion to compel this information on September 26, 2016. (Dkt. No. 15).  The parties requested a number of extensions to resolve the dispute, and ultimately entered into a Protective and Confidentiality Stipulation and Order (the "Protective Order") on December 7, 2016.  (Dkt. No. 20).  The parties later represented to the Court that the discovery dispute had been resolved (Dkt. No. 24), and the first motion to compel was dismissed as moot on February 14, 2017 (Dkt. No. 25).

---

[1] This matter was referred to the undersigned on January 1, 2016.  Prior to that date, the matter had been referred to the Honorable Hugh B. Scott, who entered an initial Case Management Order.

2

*Instant Motion to Compel*

Plaintiff filed the instant motion to compel on January 12, 2018. (Dkt. No. 35). Therein, plaintiff indicates that she served defendant with a Third Demand for Production of Documents because the documents produced in response to her prior requests provide Otis procedure descriptions for some but not all of the maintenance and repair work performed on the elevator during the relevant time period. Plaintiff moves to compel production of documents describing all of the procedures performed on the elevator during the time period leading up to and immediately following the accident, as well as further information and documents about specific repairs. On January 29, 2018, defendant filed a motion to quash or strike plaintiff's discovery demands or, in the alternative, asking that any documents ordered disclosed be produced pursuant to the terms of the parties' Protective Order. (Dkt. No. 37). Plaintiff filed a reply on February 2, 2018 (Dkt. No. 38), and the Court heard oral argument on the motion on February 8, 2018. Plaintiff's specific requests and an explanation as to the Court's ruling is set forth below.

Plaintiff moves to compel a response to Document Request #1 which demands "the Otis OMMS Procedures Standard Work Procedures for [thirteen types of maintenance] performed on the elevator that is the subject of this incident per Otis' Online History Reports previously disclosed in this litigation." Plaintiff also moves to compel a response to Document Request #2 which demands five "Otis Standard Work Process (SWP) procedures referenced in the OMMS procedures previously produced by defendant." Defendant objects to these requests as vague, ambiguous, overly broad and irrelevant. Document Requests #1 and #2 pertain to specific maintenance and repair

procedures found in defendant's OMMS documents and identified by defendant's own procedure numbers. The requests are neither vague nor ambiguous. As to relevancy and scope, Rule 26 of the Federal Rules of Civil Procedure provides that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1). Here, plaintiff alleges that she was severely injured because defendant negligently maintained or failed to properly repair an elevator at her place of employment. Document Requests #1 and #2 are demands for more detailed information as to the repair and maintenance work performed on the subject elevator during the time period leading up to and immediately after accident, including information about Otis's own specific repair and maintenance procedures. These documents and records are clearly relevant and discoverable, and the requests are not overly broad. Indeed, not all repairs or maintenance listed may have been directly related to the malfunction at issue in this case. However, plaintiff is entitled to discovery of this information to learn about what repairs were performed on the elevator around the time of the accident and whether they were done properly and in compliance with defendant's own procedures and standards. *Young v. McGill*, 3:09-CV-1186, 2013 U.S. Dist. LEXIS 159129 (D. Conn. Nov. 6, 2013) (internal citations and quotations omitted) ("Relevancy, construed broadly, creates a broad vista for discovery…such that a trial becomes less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent."); *Condit v. Dunne*, 02 Civ. 9910, 225 F.R.D. 100, 105 (SDNY Dec. 8, 2004) ("Although not unlimited, relevance, for purposes of discovery, is an extremely broad concept.") Defendant is directed to provide responses to Document Requests #1 and #2.

Plaintiff moves to compel a response to Document Request #3 which demands a "duly executed copy of the Otis modernization proposal number N161374 previously disclosed in this action." Plaintiff indicates that defendant previously produced an un-executed copy of this document. Plaintiff requests an executed copy of the same document. Defendant has not set forth any reasonable basis as to why an executed copy of this document should not or cannot be produced. Defendant is directed to provide a response to Document Request #3.

Plaintiff moves to compel a response to Document Request #4 which demands "an entire copy of the Customer Booklet Summary of Maintenance Procedures." Defendant previously produced two pages of this booklet, and plaintiff requests a copy of the entire document. At oral argument, plaintiff's counsel explained that this booklet is given by defendant to customers with Otis elevators, such as Women and Children's Hospital. While not every procedure contained therein may apply to this case, this document is relevant and discoverable. Defendant objects to disclosure of proprietary or trade secret information contained in the booklet, however these concerns may be addressed through the Protective Order as explained below. Defendant is directed to provide a response to Document Request #4.

Plaintiff moves to compel a response to Document Requests #5 through #21, which demand documents pertaining to specific repairs or maintenance performed on the subject elevator between February 6, 2014 and September 19, 2014. Defendant objects to the requests as vague and irrelevant, and states that a request for records of repairs and maintenance that took place months after the accident is improper and overly broad. Defendant also argues that some of these procedures have nothing to do with the

5

malfunction at issue in this case. Indeed, all of this information is discoverable in so far as it pertains to work done on the elevator by defendant around the time of the accident. The accident occurred on March 11, 2014. It is neither overly broad nor improper for plaintiff to request records for procedures or repairs taking place one month before and up to six months after the accident. Some of these records may not prove admissible at trial, either because the repairs took place after the accident occurred or the repairs were not related to the malfunction in question. However, the documents are still discoverable because they may lead to admissible evidence. They may aid in plaintiff's investigation as to why the elevator malfunctioned and whether the malfunction was caused by defendant's negligence. It is further noted that plaintiff's engineering expert has requested these documents in order to conduct an analysis of the accident, and Otis representatives provided deposition testimony about some or all of these repairs. *See* Fed. R. Civ. P. 26(b)(1) ("Information within this scope of discovery need not be admissible in evidence to be discoverable."); *Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Trust Co.*, 14-cv-04394, 2016 U.S. Dist. LEXIS 120131 (SDNY August 31, 2016) (internal quotations and citations omitted) ("The 2015 amendments to the federal rules, which restored the proportionality calculation to Rule 26(b)(1)…did not alter the underlying concept of relevance, which is a matter of degree, and the standard is applied more liberally in discovery than it is at trial."); *Farmington Cas. Co. v. 23rd St. Props. Corp.*, 98 Civ. 3597, 1998 U.S. Dist. LEXIS 17077 (SDNY Oct. 28, 1998) (defendants ordered to produce, in discovery, invoice and repair records from after the date of the accident because while evidence of remedial measures after an event are not admissible to show negligence, they may be admissible for other reasons such as ownership, control or the

feasibility of precautionary measures…also the documents were relevant, not privileged and "appear[ed] reasonably calculated to lead to the discovery of admissible evidence"). Defendant is directed to provide responses to Document Requests #5 through #21.

Plaintiff moves to compel a response to Document Request #22, which demands the "full and complete copy of the Maintenance Control Program required by the ASME Safety Code for Elevators and Escalators, Section 8.6.1.2." Defendant objects to the request as vague, ambiguous and overly broad and states that no relevant time period has been given. Plaintiff indicates that they are seeking the Maintenance Control Program in place at the time of the accident on March 11, 2014. The document is relevant to this action, and defendant is directed to provide a response to Document Request #22.[2]

*Protective Order*

As indicated above, the parties previously entered into a Protective Order governing the disclosure of confidential and proprietary information by defendant to plaintiff in this lawsuit. (Dkt. No. 20) Defendant indicates that some of the documents and records requested in plaintiff's Third Demand for Production of Documents contain proprietary or trade secret information. Plaintiff indicates that she has no objection to defendant's disclosing any additional documents in this action pursuant to the terms of the Protective Order. Therefore, any additional responsive documents produced by defendant and designated as confidential shall be produced pursuant to the terms of the parties' Protective Order.

---

[2] During oral argument, there was some confusion as to whether this request referred to a generic code or maintenance control program set forth by ASME or whether the request referred to a specific maintenance control program made and kept by defendant. If defendant has either a copy of a generic code or program by ASME that applies to the subject elevator or their own specific maintenance control program in place at the time of the incident, those documents should be produced.

7

*Depositions*

Plaintiff further moves to compel the depositions of Ron Wheeler, Jack Wagner, Anthony Grimmlet and Pat Koening. Wheeler, Grimmlet and Wagner were employed by Otis as mechanics at the time of the accident, and Koening was employed as their supervisor. Defendant objects to producing these individuals on the grounds that their testimony would be duplicative and unduly burdensome.[3] Defendant contends that plaintiff has already deposed three Otis mechanics, that additional depositions would "follow the same line of questions", and that plaintiff intends to ask them about work performed by others.

Wheeler, Wagner and Grimmlet all performed work on the subject elevator during the time period leading up to and immediately following the accident. Plaintiff indicates that while other mechanics were deposed, they were asked limited questions about the work done by others and therefore the remaining mechanics' testimony is relevant and necessary. Indeed, even if Wheeler, Wagner and Grimmlet will provide some duplicative information, their testimony is clearly relevant since they likely have direct knowledge of work performed on the elevator. Similarly, Koenig's testimony is relevant because he can likely testify about the oversight of the mechanics, the distribution of assignments, record keeping and other Otis policies and procedures as they relate to maintenance and repair.[4] The Court rejects defendant's argument that it should somehow limit the scope of the depositions to repairs only done by these individuals to prevent plaintiff from asking them to speculate about work performed by other mechanics. Defendant may make any

---

[3] Wheeler is no longer employed by Otis but defendant objects to his testimony on the same grounds.
[4] It is noted that Anthony Grimmlet, Ron Wheeler and Pat Koenig are all listed on defendant's initial disclosures as individuals likely to have discoverable information. (Dkt. No. 35-6).

objections it deems appropriate during the depositions, and the admissibility of the testimony will ultimately be determined at trial and in accordance with the Federal Rules of Evidence governing, *inter alia*, relevancy and hearsay. For these reasons, defendant is to produce Jack Wagner, Anthony Grimmlet and Pat Koening for depositions. Further, defendant has no basis to object to plaintiff's deposition of Ron Wheeler.

*Conclusion*

For the foregoing reasons, plaintiff's motion to compel is granted (Dkt. Nos. 35, 38), defendant's motion to strike or quash plaintiff's discovery demands is denied (Dkt. No. 37), and defendant's request that documents be produced pursuant to the terms of the Protective Order is granted.

**SO ORDERED.**

Dated: February 23, 2018
       Buffalo, New York

/s/ *Michael J. Roemer*
MICHAEL J. ROEMER
United States Magistrate Judge